# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

WARREN SKILLERN,

    Plaintiff,

v.

CIVIL ACTION NO.: CV611-085

Major BOYETTE; Warden CHATMAN;
Sgt. STOUTMAIRE; Officer BROWN;
CONTROL BOOTH GUARD; CERT
GUARDS; and CERT Commander HUNT,

    Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. Plaintiff filed a motion to proceed *in forma pauperis* in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

AO 72A
(Rev. 8/82)

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Skillern v. Gault, No. 02-13176-A (11th Cir. Aug. 27, 2002) (appeal dismissed as frivolous); (2) Skillern v. Georgia Department of Corrections, CV202-64 (N.D. Ga. Sept. 4, 2002) (dismissed for failing to state a claim); and (3) Skillern v. Moss, No. 03-10500-I (11th Cir. June 3, 2003) (appeal dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

2

danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

In his Complaint, Plaintiff contends that he was taken out of the prison hospital, "where doctors placed [him] to arrest the next prognosticated heart attack[,]" on July 9, 2011, to the "hole" after he gave Defendant Boyette a copy of a complaint he filed. (Doc. No. 1, p. 2). Plaintiff asserts that the hole is far away from the medical unit and there is no guard assigned to this area to call in the event he has another heart attack. Plaintiff also asserts that Defendants know or should know the danger he faces based on a cause of action he filed in October 2009. Plaintiff alleges that he was stripped of all privileges, including his television privileges, on July 10, 2011. Plaintiff also alleges that Defendant Stoutmeier "gut-punch[ed]" him that same day, which caused Plaintiff to spit up blood. (Id. at p. 4). Plaintiff further alleges he was assaulted later that day by several CERT guards, which caused him pain, headaches, and nausea.

At the time he filed his Complaint, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint[1], which was filed on July 15, 2011. Plaintiff should not be considered to meet the exception to the three strikes rule. In fact, Plaintiff's assertions echo his repeated attempts to circumvent the three strikes rule, and, at the same time, undermine his ability to do so.[2] The

---

[1] Plaintiff filed an Amended Complaint on July 27, 2011, in which he requests injunctive relief. Plaintiff asserts that the "hole" is an incubator for pathogens and he is forced to breath noxious fumes. Plaintiff also asserts that he is suffering from nausea, headaches, a scratchy throat, and dizziness due to his heart disease. These assertions do not reveal how Plaintiff was in imminent danger of serious physical injury at the time he filed his Complaint on July 15, 2011. Additionally, in his original Complaint, Plaintiff asserts that he suffers from these conditions due to alleged assaults. Plaintiff's seemingly contradictory assertions undermine his credibility.

3

Court's July 18, 2011, Order permitting Plaintiff to proceed *in forma pauperis* is **vacated**. Plaintiff's request to proceed *in forma pauperis* is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] See Case Number CV610-14, filed on January 29, 2009, in which Plaintiff alleged that he would have another heart attack due to the Defendants' action; Case Number 610-65, filed on July 20, 2010, in which Plaintiff stated that the Defendant's misconduct stressed him and taxed his weak heart, which caused him to fear he will have another heart attack; and Case Number CV611-27, filed on March 22, 2011, in which Plaintiff contended the security flaps on his cell door was an incubator for pathogens and that he was forced to inhale noxious fumes. The Court found in each of these cases that Plaintiff was not in imminent danger of serious physical injury at the time he filed his Complaint.

AO 72A
(Rev. 8/82)